## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HILLCREST BANK, N.A.,       )
                                     )
                 Plaintiff,   )
                                     )
vs.                                 )     Case No. 11-2035-JAR
                                     )
PETER ANZO,              )
                                     )
               Defendant.   )
_____)

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Peter Anzo's *pro se* Motion to Set Aside Default (Doc. 8), which includes a request for leave to file his answer out of time. Plaintiff has responded and opposes the motions. The parties appeared before the Court on July 15, 2011 and presented evidence and argument on these motions. As explained more fully below, the Court denies defendant's motions.

### *Background*

The Complaint in this matter was filed on January 20, 2011 (Doc. 1). The Complaint alleges a breach of contract claim against Peter Anzo as the guarantor of a condominium loan between plaintiff Hillcrest Bank, N.A. ("Hillcrest") and Shallowbag Marina, L.P. Plaintiff has submitted affidavits in conjunction with its initial motion for clerk's entry of default, and with its response to the underlying motion, setting forth its multiple and various attempts to serve defendant with the Complaint and Summons in this case.

On February 7, 2011, a special process server went to Anzo's residence on Bristol Lane in the state of Georgia and knocked on the door. The server saw a figure behind the door and asked if the individual was Peter Anzo. A man replied, "yes," however, the man refused to open

the door to receive service.[1]  The server posted the Summons and Complaint on the door, and

informed the man that he was doing so.

On February 24, 2011, Anzo and Bruce A. Ross, a representative of Hillcrest Bank,

spoke on the phone.  Anzo told Ross that he had been in Florida with his spouse since January

25, 2011 and had not been served.  On February 25, 2011, Ross sent Anzo a copy of the

Complaint via email.

On March 1, 2011, despite receiving notice of the pending suit, Anzo left a voicemail

message with Ross stating that he had not been served with anything, but specifically

acknowledged receiving the Complaint by email. Anzo stated again that he was out of town on

February 7, 2011 and could submit an affidavit testifying to that. On March 2, 2011, Anzo sent

an email to another representative of Hillcrest Bank, copying Ross, relaying the same

information contained in his voicemail message.

On March 2, 2011, plaintiff's counsel mailed a letter to Anzo's residence on Bristol

Lane, notifying him that the Summons and Complaint had been left at this residence.  Also on

March 2, 2011, plaintiff's counsel sent a copy of the Summons and Complaint to Anzo's

residence on Bristol Lane via certified mail, return receipt requested pursuant to K.S.A. §

60-303(c).  The U.S. Postal Service made three attempts at service, then returned the envelope as

unclaimed.

On March 3, 2011, Anzo emailed Ross, attaching a rental car receipt for his travel

between February 7 and February 10, 2011, as well as a flight itinerary.  The rental car receipt

shows that Anzo rented a car on February 5, 2011 in Detroit, Michigan, and returned it on

---

[1]*See* Aff. of Service, Doc. 4.

February 10.  Anzo's Delta Airlines account history shows that he flew from Atlanta to Detroit on February 5 and returned on February 10.

On March 10, 2011, plaintiff's counsel received both email and voicemail messages from Anzo stating that he had received the March 2, 2011 notification letter but again claiming that he had not been properly served.  Despite his earlier claim that he was in Florida on February 7th, this time he claimed that he was in Ohio on February 7th. Anzo also accused the process server of lying about his service attempt on February 7.  Below Anzo's signature line, he lists his business address on Paces Ferry Road, Suite 450.

On March 31, 2011, after filing a return of service stating that the return receipt delivery to Anzo's residence was unclaimed and that Anzo's business address is known, plaintiff's counsel sent a copy of the Summons and Complaint via certified mail to Anzo's business address on Paces Ferry Road, Suite 880 and to a residence on Mount Wilkinson Parkway, Unit 617.  The envelope sent to the business address was returned stating "Return to Sender.  Not deliverable as addressed.  Unable to forward," with a handwritten note stating, "refused."  The day before, however, the Complaint, but no Summons, was mailed to this business address and, despite the incorrect suite number, it was signed for on April 1, 2011.  The envelope sent to the Mount Wilkinson Parkway address was returned with a label stamped "Returned to Sender.  Unclaimed. Forwarding order expired."  The day before, however, the Complaint, but no Summons, was mailed to this address and was signed for on April 1, 2011.

On May 25, 2011, plaintiff filed a motion for entry of default, and the Clerk entered

default pursuant to Fed. R. Civ. P. 55(a) on May 26, 2011 (Doc. 4).[2]  The Clerk's Entry of

Default was sent by certified mail to the address on Bristol Lane; it was returned as

undeliverable.  It was stamped, "Return to Sender.  Unclaimed," after the U.S. Post Office made

three service attempts.

On June 13, 2011, defendant filed his motion to set aside the clerk's entry of default,

claiming that plaintiff's allegation in the motion for clerk's entry of default that he evaded

service is false, that no service was made, and that defendant was aware of the correct address to

which service should have been addressed.  Below his signature, defendant listed the Mount

Wilkinson Parkway address with no unit number.  The Court sent defendant a notice of hearing

for the July 15, 2011 hearing by regular and certified mail on June 28, 2011 to both the Bristol

Lane and the Mount Wilkinson Parkway addresses, exactly as defendant had presented these

addresses in his motion to set aside default.  On July 14, 2011, both Notices sent to the Mount

Wilkinson address were returned to sender as "insufficient address" and "unable to forward."

On July 22, 2011, the Bristol Lane certified mail Notice was returned as "unclaimed," listing

three service attempts on the envelope.

On July 15, 2011, defendant filed an Answer to the Complaint.

***Motion to Set Aside Entry of Default***

Under Rule 55(c), the Court may set aside a clerk's entry of default if good cause is

shown.  When making this determination, the Court must consider "whether the default was

---

[2]Both parties incorrectly characterize this document.  Contrary to plaintiff's assertion, this document was
not entered by the Court, but by the Clerk, pursuant to Rule 55(a).  Therefore, the Court did not make factual
findings.  Instead, pursuant to Rule 55(a), the Clerk entered default because defendant's "failure to plead or
otherwise defend . . . [was] shown by affidavit or otherwise."  The rule requires the Clerk to enter default under such
circumstances.  Contrary to defendant's assertion, no judgment has been entered.

willful, whether setting it aside would prejudice the adversary, and whether a meritorious

defense is presented."[3]  The Court need not consider all of these factors, but is mindful that

"willful failure alone may constitute sufficient cause for the court to deny the motion."[4]  The

Tenth Circuit has counseled that

> default judgment must normally be viewed as available only when
> the adversary process has been halted because of an essentially
> unresponsive party.  In that instance, the diligent party must be
> protected lest he be faced with interminable delay and continued
> uncertainty as to his rights.  The default judgment remedy serves
> as such a protection.[5]

The standard is "fairly liberal because '[t]he preferred disposition of any case is upon its merits

and not by default judgment.'"[6] The good cause standard in Rule 55(c) is a lesser standard than

the excusable neglect standard that applies to a motion for relief from judgment under Rule

60(b).[7]

## 1.    Service

The Court first addresses whether there was, in fact, a default because defendant

contends in his motion that he was never properly served.  Plaintiff maintains that defendant was

properly served on February 7, 2011 and March 2, 2011.  Fed. R. Civ. P. 4(e) governs service of

an individual within the United States and allows for service by:

---

[3]*See, e.g.*, *Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir. 2005).

[4]*Id.*

[5]*In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)).

[6]*Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

[7]*Id.*

(1) following state law for serving a summons in an action brought
in courts of general jurisdiction in the state where the district court
is located or where service is made; or

(2) doing any of the following:
(A) delivering a copy of the summons and of the complaint to the
individual personally;
(B) leaving a copy of each at the individual's dwelling or usual
place of abode with someone of suitable age and discretion who
resides there; or
(C) delivering a copy of each to an agent authorized by
appointment or by law to receive service of process.

Under Rule 4(e)(1), it is sufficient for plaintiff to follow either Kansas or Georgia law for

serving summons because Kansas is the state where the district court is located and Georgia is

the state where service is made.

Plaintiff first attempted to serve defendant personally at the address on Bristol Lane, on

February 7, 2011.  The special process server filed an affidavit stating that he knocked on the

door and saw a figure behind the door who responded "yes," when asked if he was defendant

Peter Anzo.  According to the process server, this individual refused to open the door and receive

service.  Under those circumstances, "the offer of the duly authorized process server to deliver

the process, and the refusal, is sufficient service of process."[8]  However, given that defendant

denies the process server's rendition of this encounter, the Court proceeds to determine if service

was also effected on a later date.[9]

Even though Anzo denies that he verbally responded to the process server on February

---

[8]K.S.A. § 60-303(d)(4).

[9]While defendant did not submit an affidavit or declaration in support of this contention, he has signed the
motion to set aside default and stated on the record at the July 15, 2011 hearing that he was not present at the Bristol
Lane address on this date.  However, Anzo did admit at the hearing that he used to live at this residence and that his
wife is the record-owner of the home.

7,[10] it is undisputed that the process server attempted to serve Anzo at this address on that date. And, the evidence submitted by plaintiff shows that Anzo acknowledged that the Bristol Lane address was "his home."[11]  Therefore, the Court finds that defendant was properly served, pursuant to Kansas law, on March 2, 2011.  On that date, plaintiff served Anzo with a "notice that the copy has been left at the individual's dwelling or usual place of abode."[12]  This form of service is sufficient under Kansas law if personal or residence service cannot be made.  Personal service could not be made, either because Anzo refused or he was not home.  Also, residence service could not be made on Anzo because no one responded at the residence.  Accordingly, service was made because the process server left the Complaint and Summons at Anzo's residence, and plaintiff mailed a notice to Anzo that the copy had been left there.

Furthermore, plaintiff has submitted proof that it effected service on defendant by mail. On March 31, 2011, plaintiff's counsel filed a notice that its attempts to serve Anzo by mail on March 2, 2011 had failed; the envelope was returned as unclaimed.  Under K.S.A. § 60-304(a), if the attorney for a party "files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual, . . . the party's attorney may complete service by return receipt delivery, addressed to the individual at the individual's business address." On March 31, plaintiff sent the Complaint and Summons by certified mail to defendant's business

---

[10]Mr. Anzo mistakenly argues that the Court is to accept his version of the facts as true on this issue, citing a decision by Judge Vratil in *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001).  Judge Vratil was actually quoting a decision by the Tenth Circuit in *In re Stone*, 588 F.2d 1316, 1319–20 (10th Cir. 1978), that outlines what a defendant must do to show a meritorious defense in the context of a motion to set aside default.  The Court discusses that prong of the analysis later in this order.

[11]Doc. 6, Ex. A, Ex. 3 ("I am in receipt of a letter sent to my home dated March 2, 2011 by US mail.").

[12]K.S.A. § 60-303(d)(1)(C).

address and it was returned with a handwritten note, "refused."  "[C]ourts view service by registered or certified mail as being complete when such is refused through the act of the defendant."[13]  This rule is especially applicable in this case because plaintiffs have submitted proof that Anzo did sign for the Complaint the day before, which was sent to both his business address and the Mount Wilkinson Parkway address.  Although this March 30, 2011 mailing inadvertently omitted the summons, under the circumstances, plaintiff achieved substantial compliance with the service statute on March 30.[14]

The Court finds that defendant was properly served in this case by March 31, 2011, at the latest.  Defendant did not answer or otherwise respond within 21 days of service; therefore, he is in default.

### 2.    Culpability

Under the first factor, a defendant's conduct is considered culpable if he defaulted willfully or has no excuse for the default.[15]  A defendant's knowledge of a lawsuit and his post-service actions "play a role in measuring the willfulness of a defendant's default."[16]  When a party has actual or constructive notice of a lawsuit, yet completely fails to answer or otherwise communicate with the Court, defendant's failure is willful and "demonstrates complete disregard for the authority of the Court."[17]

---

[13]*Nikwei v. Ross Sch. for Aviation, Inc.*, 822 F.2d 939, 945 (10th Cir. 1987) (collecting cases).

[14]*See* K.S.A. § 60-204.

[15]*United States v. Timbers Preserve, Routt County, Colo.*, 999 F.2d 452, 454 (10th Cir. 1993).

[16]*Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008).

[17]*Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (citing *Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. 1995); *Ledbetter v. Kan. Dep't Soc. & Rehab. Servs.*, Case No. 99-2261-KHV, 2000 WL 206208 (D. Kan. 2000)); *Hunt v. Kling Motor Co.*, 841 F. Supp. 1098, 1106 (D. Kan. 1994) ("A

8

There is ample evidence in this matter that the default was due to defendant's culpable conduct.  Even assuming Anzo's representation at the hearing is true, that he was not at the Bristol Lane address on February 7, there is significant evidence that Mr. Anzo had actual knowledge of the lawsuit and yet, completely failed to answer or otherwise communicate with the Court for months.  Anzo acknowledged receiving the Complaint by email on March 1, 2011.  The evidence reflects that Anzo knew about the lawsuit on March 10, 2011, when he emailed plaintiff's counsel and stated "I've received your letter about service left at my home."  The evidence also shows that the complaints mailed to his business address and to his Mount Wilkinson Parkway address were both signed for on March 30, 2011.  On March 31, 2011, Anzo refused the certified mail sent to his business address.  All of this evidence shows that Anzo was provided with actual notice in March 2011 about this lawsuit, yet failed to answer.

Further evidence of Anzo's willfulness is found in his motion to set aside default, and the Court's subsequent attempts to send him the notice of  hearing on his motion.  In Paragraph 1, Anzo states that he received plaintiff's motion for entry of default on May 28, 2011 by U.S. mail.  According to the certificate of service, that motion was sent to the address on Bristol Lane, which he purported to disclaim at the hearing, and in paragraph 3 of the motion.  Paragraph 1 is a further admission that defendant resides at this address.  Also, defendant requests in his motion additional time to answer the Complaint, despite the fact that he claimed never to have received it.  But the most egregious aspect of Mr. Anzo's filing is his representation under his signature, that his address is "2950 Mount Wilkinson Parkway," an address he argued at the hearing was incorrect without a unit or suite number.  Yet, this is the address he filed with the Court and the

---

defendant's conduct has been determined to be 'culpable' if he has received actual or constructive notice of the filing of the action and failed to answer.").

address the Court relied on in sending him subsequent notices of hearing.

Given the repeated instances of notice defendant received of the filing of this action and his inconsistent and incredulous explanations for why he has not previously answered this Complaint, the Court finds substantial evidence in the record that defendant's conduct was willful and caused the default.[18]  When default is the result of defendant's culpable conduct, "the district court may refuse to set aside the default on that basis alone."[19]  Out of an abundance of caution, the Court considers the remaining two factors.

### 3.      Prejudice

Defendant argued at the hearing that plaintiff has not been prejudiced by his evasive conduct in causing service to be protracted in this case.  However, plaintiff's counsel established that the time and expense caused by defendant's willful delay has been prejudicial.  Plaintiff points to the fact that it was notified that a judgment has recently been entered against Anzo, potentially placing another judgment creditor in line ahead of plaintiff, despite the fact that this case was filed in January 2011.  In addition, plaintiff has spent more than $14,000 in attorneys' fees and costs associated with serving Mr. Anzo and litigating the motion to set aside default.

### 4.      Meritorious Defense

At the hearing, Anzo provided no evidence of any meritorious defense in this matter. Even if the Court considered the affirmative defenses and general denials contained in the Answer defendant filed without prior leave, it would be insufficient.  "The rule requires a

---

[18]*Crutcher*, 205 F.R.D. at 584.

[19]*Id.*; *Hunt*, 841 F. Supp. at 1107; *see also Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir. 2005) ("even where there is a meritorious defense and no prejudice to the adversary, '[w]illful failure alone may constitute sufficient cause for the court to deny th[e] motion.'").

sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious."[20] Defendant's notice pleading is insufficient to enable this Court to determine whether his defenses would be meritorious if believed.

***Motion for Leave to File Answer Out of Time***

A request to file out of time requires a showing of excusable neglect.[21] Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.[22] The determination of whether excusable neglect has been established is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including, (1) the danger of prejudice, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect, and (4) whether that party acted in good faith.[23]

As already discussed, defendant is unable to show good cause to set aside default. Accordingly, he is also unable to make the more stringent showing of excusable neglect. Plaintiff has made a showing of prejudice, and most importantly, the delay was well-within the reasonable control of defendant. There is ample evidence that he did not act in good faith in evading service and maintaining the position that he had not been served, despite his actual knowledge of this lawsuit. Under these circumstances, the Court cannot find that defendant's

---

[20]*Crutcher*, 205 F.R.D. at 585.

[21]*See* Fed. R. Civ. P. 6(b)(1)(B); D. Kan. R. 6.1(a).

[22]*Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391–92 (1993).

[23]*Id.* at 395; *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004); *City of Chanute v. Williams Natural Gas*, 31 F.3d 1041, 1046 (10th Cir. 1994).

neglect was excusable and denies his request for leave to file an answer out of time.  Because

defendant filed an answer without first obtaining leave, the Court strikes defendant's Answer,

filed on July 15, 2011.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Peter Anzo's *pro se*

Motion to Set Aside Default and for leave to file an answer out of time (Doc. 8), is **denied**.

**Defendant's Answer (Doc. 14) shall be stricken**.

Dated: <u>August 1, 2011</u>

           S/ Julie A. Robinson 
           JULIE A. ROBINSON
           UNITED STATES DISTRICT JUDGE