### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HILLCREST BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-2035-JAR |
| ) | |
| PETER ANZO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFAULT JUDGMENT

Before the Court is plaintiff's Motion for Entry of Default Judgment (Doc. 19). Defendant was served with a copy of the motion and has not responded. The Court has reviewed plaintiff's motion and attached exhibits and finds that default judgment should be entered in favor of plaintiff and against defendant as set forth below.

Plaintiff Hillcrest Bank N.A. ("Hillcrest Bank") filed its Complaint against defendant Peter Anzo for breach of contract on January 20, 2011 (Doc. 1). Defendant was properly served on at least two occasions, March 2, 2011 and March 30, 2011.[1] On May 25, 2011, the Clerk entered default against defendant pursuant to Rule 55(a) (Doc. 7). The Court conducted a hearing on July 15, 2011 on defendant's motion to set aside the entry of default. On August 1, 2011, the Court entered a Memorandum and Order denying defendant's motion to set aside and striking defendant's untimely Answer to the Complaint, filed on July 15, 2011 (Doc. 17).

Defendant has previously appeared personally in this matter, and the Court finds that he is not a minor or incompetent person.

---

[1] Doc. 17 at 8.

Under Rule 55(b), the Court finds that default judgment is appropriate. Plaintiff seeks default judgment for a sum certain and for reasonable attorneys' fees, as provided by the subject contract. Under the terms of the Condominium Loan Documents as identified and attached as Exhibits to plaintiff's Complaint in this matter, as of August 2011, the Borrower owes plaintiff principal of $454,147.32, default interest in the amount of $30,614.36, per diem interest at a rate of $115.09 after August 29, 2011, real estate taxes paid by the State Bank and Hillcrest Bank of $23,254.36, appraisal fees of $9,300.00, title insurance premiums of $1,107.50, plus legal fees in connection with preparation of the loan documents, foreclosure of the deed of trust, bankruptcy, and enforcement of the obligations under the loan documents and guaranty.

The Condominium Loan Documents also state that plaintiff and its assignees are entitled to recovery of reasonable attorneys' fees, costs, and expenses incurred in the event it becomes necessary to enforce the performance and payment of the original borrower's loan obligations. Under Kansas law, when a contract provides for recovery of attorneys' fees, the Court is to apply the reasonableness factors set forth in Rule 1.5(a) of the Kansas Rules of Professional Conduct.[2] Those factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;

---

[2] *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1228 (10th Cir. 2009); *Davis v. Miller*, 7 P.3d 1223, 1236 (Kan. 2000).

> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.[3]

Plaintiff has submitted affidavits from attorneys at each law firm retained to provide legal services with respect to enforcing the original borrower's loan obligations. In connection with the Loan Documents, plaintiff employed and incurred legal expenses from Lewis Rice & Fingersh in connection with preparation of and enforcement of the loan documents in the amount of $4,561.70; Rogers Law Office in connection with the initial default of the Borrower and its bankruptcy in the amount of $8,374.43; Williams Mullen in connection with the foreclosure of the Deed of Trust in the amount of $35,642.58; and Spencer Fane Britt and Browne, LLP in connection with efforts to enforce the Condominium Guaranty against defendant in the amount of $27,183.18. The total of these legal expenses is $75,761.89. The Court has considered the factors set forth in Rule 1.5(a) and finds that these amounts are reasonable.

Under the terms of the Condominium Guaranty attached as Exhibit C to the Complaint, and incorporated herein by reference, defendant is obligated to pay Hillcrest Bank the Maximum Guaranteed Amount which is defined to include the Guaranteed Principal Amount of $500,000, plus the Additional Guaranteed Amounts of real estate taxes paid by the State Bank and Hillcrest Bank of $23,254.36, plus all costs and expenses, including attorneys' fees and court costs incurred in enforcing its rights under the Guaranty Agreement, in the amount of $27,183.18.

Based on the above stated findings, plaintiff is entitled to default judgment against defendant in the amount of $550,437.54 pursuant to the terms of the Condominium Guaranty,

---

[3] Kan. Rule of Prof'l Conduct 1.5 (Kan. S. Ct. Rule 226).

plus post-judgment interest.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Entry of Default Judgment (Doc. 19) is **granted**.

**IT IS FURTHER ORDERED** that default judgment is entered in favor of plaintiff Hillcrest Bank, N.A. and against defendant Peter Anzo in the sum of $550,437.54, plus post-judgment interest at the rate set forth in 28 U.S.C. § 1961.

**IT IS SO ORDERED**.

Dated: <u>September 26, 2011</u>

                                              <u>S/ Julie A. Robinson</u>
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE